IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

JOHN DOE                                                          PLAINTIFF

VS.                                    CIVIL ACTION NO. _5/3cv 235 DCB MTP_

SHERIFF CHUCK MAYFIELD; ADAMS COUNTY
SHERIFF DEPARTMENT; KAREN EWING; ADAMS
COUNTY MISSISSIPPI, by and through the ADAMS
COUNTY BOARD OF SUPERVISORS; ALBERT
SANTA CRUZ; MISSISSIPPI DEPARTMENT OF
PUBLIC SAFETY; and JAMES DOES NOS. 1-10                           DEFENDANTS

<u>COMPLAINT</u>

The Plaintiff, JOHN DOE[1], by and through counsel, files this his Complaint against the

Defendants, SHERIFF CHUCK MAYFIELD; ADAMS COUNTY SHERIFF DEPARTMENT;

KAREN EWING; ADAMS COUNTY MISSISSIPPI, by and through the ADAMS COUNTY

BOARD OF SUPERVISORS; ALBERT SANTA CRUZ; MISSISSIPPI DEPARTMENT OF

PUBLIC SAFETY; and JAMES DOES NOS. 1-10, for the relief sought herein.  In support of

this Complaint, the Plaintiff, by and through his counsel, would state and show unto the Court

the following, to-wit:

---

[1] In accordance with federal jurisprudence, the Plaintiff respectfully submits that his identity in this proceeding be anonymous, due to the highly sensitive and personal nature of the facts and claims set forth herein.  Additionally, the Plaintiff would state unto the Court that the stating of his identity poses a risk of severe and retaliatory physical or mental harm, such that his identity should be kept confidential and disclosed only to the Court *in camera* and the named defendants under the terms and provisions of a protective order entered by the Court, upon subsequent motion.

## JURISDICTION AND VENUE

1.  This civil action is brought under the laws of the United States of America, in accordance with 28 U. S. C. Section 1331, such that subject matter jurisdiction is conferred upon this Court.  Moreover, the actions or omissions set forth herein below arose or accrued in Adams and Hinds Counties, Mississippi, such that venue is proper in this district and this division. Specifically, the Plaintiff seeks relief for violations of his rights and privileges under 42 U. S. C. Sections 1983, 1985 and 1986, as well as those rights and privileges afforded him under *Article I, Section 9* and the *First*, *Fourth*, *Fifth*, *Eighth* and *Fourteenth Amendments* to the *United States Constitution*.  Plaintiff would state and show that the execution of policies and customs or usage of such policies and customs of the Defendants has deprived the Plaintiff of certain rights and privileges secured to him by the *United States Constitution*.  Plaintiff also asserts certain pendent state law claims against the Defendants, and each of them, under the laws of the State of Mississippi, including invasion of privacy, defamation, intentional interference with Plaintiff's contract of employment, intentional infliction of emotional distress, criminal conduct and related claims of wilful, malicious and intentional conduct, which claims are excepted from the provisions of the *Mississippi Tort Claims Act*, Sections 11-46-1, *et seq.*, of the *Mississippi Code of 1972, Annotated*, as amended, as set forth in Section 11-46-7(2), such that he is entitled to pursue all of such pendent state law claims in this civil action.  The claims of the Plaintiff set forth herein are based upon the gross negligence and bad faith conduct of the Defendants, and each of them, such that no immunity is available to them under Section 45-33-53(1) of the *Mississippi Code of 1972, Annotated*, as amended; furthermore, the Defendants, and each of

2

them, acted willfully and wantonly, such that they are likewise prohibited from any claim of immunity under Section 45-33-53(3) of the *Mississippi Code of 1972, Annotated*, as amended.

PARTIES

2.  The Plaintiff, John Doe, is an adult resident citizen of Adams County, Mississippi, such that he resides in the Western Division of the Southern District of Mississippi, where venue and jurisdiction of the parties is proper before this Court.

3.  Defendant, Adams County Sheriff Chuck Mayfield (hereinafter referred to as "Sheriff Mayfield"), is the duly elected sheriff and law enforcement official of Adams County, Mississippi, and performs his work duties and is present in the Western Division of the Southern District of Mississippi.  Defendant Mayfield may be served with process of this Court by the delivering of a Summons and copy of this Complaint to his place of employment located at 306 State Street, Natchez, Adams County, Mississippi 39120.  At all times, the claims against Defendant Mayfield are brought in both his individual capacity and his official representative capacity, as more fully set forth herein below.

2.  Defendant, Adams County Sheriff Department (hereinafter referred to as "Adams Sheriff Department"), is an entity organized and existing under the laws of the State of Mississippi, and it may be served with process of this Court upon its chief executive officer, Defendant Mayfield, by the delivering of a Summons and copy of this Complaint to his place of employment located at 306 State Street, Natchez, Adams County, Mississippi 39120.   At all material and relevant times, as alleged herein, Defendant, Adams Sheriff Department, acted by and through its employees, agents, and other representatives, such that all of their actions, conduct or omissions, as alleged herein are imputed to Defendant, Adams Sheriff Department.

3

4.  The Defendant, Karen Ewing (hereinafter referred to as "Ewing"), upon information and belief, is an adult resident citizen of Adams County, Mississippi, and she may be served with process of this Court at her place of employment, located at 306 State Street, Natchez, Adams County, Mississippi 39120.   At times, all claims against Defendant Ewing are brought in both her individual capacity and her official capacity, as more fully set forth herein below.

5.  The Defendant, Adams County, Mississippi (hereinafter referred to as "Adams County"), which is hereby made a party to this action by and through its Board of Supervisors, and it is a political subdivision of the State of Mississippi, but not an arm of the State of Mississippi.  Adams County may be served with process of this Court upon Darryl V. Grennell, Board President of the Adams County Board of Supervisors, located at 314 State Street, Natchez, Adams County, Mississippi 39120.   At all material and relevant times, as alleged herein, Defendant Adams County acted by and through its employees, agents, and other representatives, such that all of their actions, conduct or omissions, as alleged herein are imputed to Defendant, Adams County.

6.  Defendant, Albert Santa Cruz (hereinafter referred to as "Santa Cruz"), is the duly appointed Commissioner of the Mississippi Department of Public Safety, and performs his work duties and is present in the Western Division of the Southern District of Mississippi.  Defendant Santa Cruz may be served with process of this Court by the delivering of a Summons and copy of this Complaint to his place of employment located at 1900 E. Woodrow Wilson Drive, Jackson, Mississippi 39216.  At all material times as alleged herein, the claims against Defendant Santa Cruz are brought in his official representative capacity, as more fully set forth herein below.

4

7.  The Defendant, Mississippi Department of Public Safety (hereinafter referred to as "DPS"), is an agency or political subdivision of the State of Mississippi, but not an arm of the State of Mississippi.  DPS may be served with process of this Court upon Defendant, Albert Santa Cruz, by the delivering of a Summons and copy of this Complaint to his place of employment located at 1900 E. Woodrow Wilson Drive, Jackson, Mississippi 39216. At all material and relevant times, as alleged herein, Defendant DPS acted by and through its employees, agents, and other representatives, such that all of their actions, conduct or omissions, as alleged herein are imputed to Defendant, DPS.

8.  Pursuant to Rule 10(a) of the *Federal Rules of Civil Procedure*, Defendants, James Does 1-10, are persons, entities or businesses, the identities of which are currently unknown to the Plaintiff or for which the Plaintiff has no actual or constructive knowledge of such Defendants liability for the claims or causes of actions set forth herein. Plaintiff would therefore show unto the Court that the identities and liabilities of these Defendants may be within the control and knowledge of the named Defendants herein, such that Plaintiff currently has no reasonable knowledge or information concerning these Defendants' identities or liabilities, after reasonable and diligent search and inquiry.  However, upon information and belief, these Defendants, James Does 1-10, may likewise be liable to the Plaintiff for all injuries, damages, claims and causes of action set forth herein.  Plaintiff therefore reserves the right to individually name such Defendants and join such Defendants, pursuant to Rules 19 and 20 of the

*Federal Rules of Civil Procedure*, upon discovery of the true identities and liabilities of the same.

FACTS

9.  On or about December 18, 2012, Defendant Karen Ewing caused to be published on the internet website for the Adams County Sheriff's Department, information that the Plaintiff was a registered sex offender and that he had been convicted of "oral copulation with a victim unconscious of the nature of the act" and "rape of a victim unconscious of the nature of the act." Defendant Ewing therefore defamed the reputation and character of the Plaintiff by her gross negligence, bad faith, wilful, wanton and malicious conduct.

10.  At the time and on the date published by Defendant Ewing, she knew or should have known that all such accusatory pleadings against the Plaintiff had been dismissed on April 19, 2005, by the Superior Court of Sacramento County, California.

11.  Indeed, even prior to this defamatory, slanderous and malicious publication, in April of 2012, without any prior notice to Plaintiff, Defendant Ewing had accosted the Plaintiff at his workplace, and she was subsequently shown a copy of the order of dismissal by Plaintiff.

12.  Undeterred, Defendant Ewing then took it upon herself to seek an arrest warrant of the Plaintiff, in or about May of 2012. However, on or about May 8, 2012, a probable cause hearing was held before the Honorable Charles Vess, Adams County

Justice Court Judge.  At said hearing, present were the Plaintiff, Defendant Ewing, Adams County Prosecutor Barrett Martin, and Plaintiff's then attorney.

13.  Judge Vess concluded that, since the Adams County Sheriff's Department did not have the required copy of an order of conviction or sentencing order from California, as set forth in Section 45-33-35(6)(d) of the *Mississippi Code Annotated*, as amended, then he found no cause for the issuance of an arrest warrant for the Plaintiff.

14.  In June of 2012, the Mississippi Department of Public Safety (DPS), with no authority of law and without the exercise of any due process proceeding, issued a letter to the Plaintiff, in which Plaintiff was threatened with arrest, if he did not register as a sex offender, even though the DPS had no copy of any order of conviction or sentencing order, as noted above to be required by Section 45-33-35(6)(d) of the *Mississippi Code Annotated*, as amended.  Defendant DPS, acting upon the conduct and policies of Defendant Santa Cruz, therefore defamed the reputation and character of the Plaintiff by its gross negligence, bad faith, wilful, wanton and malicious conduct.

15.  In or about June or July of 2012, Defendant Ewing sought efforts for an indictment against the Plaintiff before the Adams County Grand Jury; however, no indictment was issued, because no copy of any order of conviction or sentencing order, as noted above to be required by Section 45-33-35(6)(d) of the *Mississippi Code Annotated*, as amended, was produced.  Upon information and belief, Defendant Ewing was instructed to return when she had a certified copy.  She never did.  Defendant Ewing

therefore defamed the reputation and character of the Plaintiff by her gross negligence, bad faith, wilful, wanton and malicious conduct.

16. On December 18, 2012, without any prior notice to the Plaintiff, without the required copy of any order of conviction or sentencing order, as noted above to be required by Section 45-33-35(6)(d) of the *Mississippi Code Annotated*, as amended, without any order of any court of the State of Mississippi, and without due process of law, Defendant Ewing, acting under color of state law, caused to be placed on the website of the Adams County Sheriff's Department, acting under color of state law, a notice that the Plaintiff was a "sex-offender". It included defamatory statements that Plaintiff was convicted of the above named offenses, it stated his workplace, and it posted a photograph of the Plaintiff. Defendant Ewing, acting under color of state law, therefore defamed the reputation and character of the Plaintiff by her gross negligence, bad faith, wilful, wanton and malicious conduct. Furthermore, Defendant Adams Sheriff Department, acting on the conduct and implementation of policies of Defendant Mayfield, both acting under color of state law, therefore defamed the reputation and character of the Plaintiff by their respective gross negligence, bad faith, wilful, wanton and malicious conduct. Defendant Adams County, acting under color of state law, likewise defamed the reputation and character of the Plaintiff by its gross negligence, bad faith, wilful, wanton and malicious conduct.

17. It should be further stated that Defendant Sheriff Mayfield, acting under color or state law, and the governing body of Adams County, Mississippi, being the Board of

8

Supervisors thereof, acting under color of state law, has implemented or failed to implement any policy and follow the requirements of the above stated statutes and to protect individuals, such as the Plaintiff, from such denial of established rights and privileges under the *United States Constitution* from defamation or the placing of a stigma upon them, including the Plaintiff.  Such utter lack of mandatory duties is likewise actionable, for violation of the Plaintiff's due process rights and privileges afforded to all citizens under the *United States Constitution*.

18.  On or about May 16, 2013, Defendant, Mississippi Department of Public Safety, acting under the direction and conduct of Defendant Santa Cruz, acting under color of state law, likewise published the same information on its internet website.  All such information is likewise false and defamatory, inasmuch as all accusatory pleadings had been dismissed by the Superior Court of Sacramento County, California, and the DPS had failed to provide the required copy of any order of conviction or sentencing order, as noted above to be required by Section 45-33-35(6)(d) of the *Mississippi Code Annotated*, as amended.  Such action has been perpetuated by the wrongful conduct of the DPS in-house attorney.  Defendant DPS, acting upon the conduct and policies of Defendant Santa Cruz, and both acting under color of state law, therefore defamed the reputation and character of the Plaintiff by its gross negligence, bad faith, wilful, wanton and malicious conduct.

19.  Likewise, DPS and its officials, acting under color of state law, noted above have implemented or failed to implement policies to protect individuals, such as the

Plaintiff, from such denial of established rights and privileges under the *United States Constitution* from defamation or the placing of a stigma upon them, including the Plaintiff, and failed to follow the requirements of Section 45-33-35(6)(d) of the *Mississippi Code of 1972, Annotated*, as amended. Such utter lack of mandatory duties is likewise actionable, for violation of the Plaintiff's due process rights and privileges afforded to all citizens under the *United States Constitution*.

20. Such outrageous, willful and malicious conduct by the above named persons and entities, at your direction, may be considered as punitive in nature and subject each person and entity, so notified hereby, to additional liability for the improper and illegal defamation, interference with his contractual rights and privileges, damage to his reputation and career, intentional infliction of mental and emotional distress, malice, slander, libel, criminal conduct and all other such related claims.

21. Adams County, by and through its Board of Supervisors, acting under color of state law, have implemented or failed to implement or otherwise promulgate policies, rules or regulation to protect individuals, such as the Plaintiff, from such unlawful, malicious, and intentional violation of the Plaintiff's due process rights and privileges, such that the conduct of Adams County establishes a custom or usage of means to defame and otherwise violate the rights and privileges of the Plaintiff, and others similarly situated, without due process of law.

22. Adams Sheriff's Department, by and through Defendant Mayfield, acting under color of state law, have implemented or failed to implement or otherwise promulgate policies, rules or regulation to protect individuals, such as the Plaintiff, from such unlawful, malicious, and

intentional violation of the Plaintiff's due process rights and privileges, such that the conduct of the Adams Sheriff's Department establishes a custom or usage of means to defame and otherwise violate the rights and privileges of the Plaintiff, and others similarly situated, without due process of law.

23.  Based on the conduct and statements of Defendants Ewing, Mayfield, Adams Sheriff Department, DPS and Santa Cruz, as well as Adams County through its Board of Supervisors, all acting under color of state law, the Plaintiff hereby alleges a *de facto* civil conspiracy of such individuals and entities in the violations of the Plaintiff's protected constitutional rights and privileges.   Thus, Plaintiff hereby alleges a civil conspiracy to violate his protected constitutional rights and to violate his property rights and privileges in his continued employment as a tenured faculty member.

24.  Such outrageous, willful and malicious conduct by Defendants, and each of them, may be considered as punitive in nature and subject each of them to additional liability for the improper and illegal defamation, interference with Plaintiff's contractual rights and privileges, damage to his reputation and career, and all other such related claims.

25.  The procedural and substantive due process violations committed by the Defendants, and each of them, must be directly reviewed and scrutinized by this Court, so as to maintain the integrity of the Plaintiff's reputation and the tenets of Sections 45-33-23, *et seq.*, of the *Mississippi Code of 1972, Annotated*, as amended.  Indeed, the entirety and totality of the circumstances regarding the method and manner by which the Defendants, and each of them, engaged in such unlawful conduct shocks the conscience.

11

26.  Plaintiff would further state and show unto the Court that he is seized and possessed with rights and privileges under *Article I, Section 9* and the *First*, *Fourth*, *Fifth* and *Fourteenth Amendments* to the *United States Constitution*. Specifically, the Plaintiff is entitled to his rights and privileges that protect him from the execution or effect of any law that violated *Article I, Section 9* of the *United States Constitution*, inasmuch as the actions and conduct of the Defendants were purportedly but unlawfully committed under the terms and provisions of Sections 45-33-23, *et seq.*, of the *Mississippi Code of 1972, Annotated*, as amended, which is hereby proclaimed as an unlawful ex post facto law of punishing the Plaintiff for alleged conduct that occurred in or about 1996, long before the enactment of said statutory provisions or any amendment thereto.  Furthermore, the Plaintiff enjoys and is seized and possessed with rights and privileges under the *First*, *Fourth*, *Fifth*, *Eighth* and *Fourteenth Amendments* to the *United States Constitution*.  Such rights and privileges include, but are not limited to, the following:

      a.  the right of privacy;

      b.  the right to freely associate and to petition the government for a redress of grievances;

      c.  the right to liberty, which may not be abridged without due process of law;

      d.  the right to be secure in his house, papers and effects, against unreasonable searches and seizures;

      e.  the right to not be deprived of his property, including but not limited to, his employment and income therefrom, without due process of law;

      f.  the right to not be deprived of his life, including but not limited, to any threat of arrest, without due process of law;

12

g.  the right to not have his property taken, including but not limited to his employment and income therefrom, without due process of law;

h.  the right against the imposition of excessive fines or the inflicting of unusual punishment;

i.  the right against any State, including the Defendants, and each of them herein, from abridging the rights, immunities and privileges of citizens of the United States;

j.  the right against any State,  including the Defendants, and each of them herein, from depriving him of his life, liberty or property without due process of law; and

k.  such other rights and privileges as may be shown and established at the trial of this matter.

27.  The Plaintiff would therefore state and show unto the Court that the Defendants, and each of them, acting under color of state law, violated and wilfully, maliciously, wantonly, and with gross negligence breached each and every one of the above and foregoing rights and privileges of the Plaintiff, without due process of law, such that they are each, jointly and severally, liable to the Plaintiff therefor.

28.  These procedural and substantive violations underscore the fact that the Plaintiff was not provided "due process" notice and a right to be heard, in advance of the above and wrongful conduct of the Defendants, and each of them.  At a bare minimum, procedural due process requires an appropriate level of such process, so as to protect the Plaintiff, and others similarly situated, from having the above delineated constitutional rights and privileges abrogated,

13

violated and breached.  It is an immutable aspect of due process that a person, against whom

evidence is to be used, be afforded an opportunity to refute any purported evidence, prior to his

being subjected to the unlawful and wrongful conduct of the Defendants, and each of them, as

set forth herein above, including, but not limited to, his suffering the publication of unlawful and

defamatory statements being made that defamed him and place a stigma upon him, as well as

cause him to suffer penalties and losses for alleged events that occurred long before the

enactment of the aforesaid statutes in Mississippi and to suffer greater penalties and losses than

he was ever caused to endure, especially since the accusatory pleadings of 1996 had been

dismissed in 2005.  By so implementing and conducting themselves in the manner set forth

above, the Defendants, and each of them, have furthermore caused the Plaintiff to suffer an

alteration in his status as a person free from any penalties and disabilities of wrongfully having

to register under Section 45-33-25 of the *Mississippi Code of 1972, Annotated*, as amended.

DEFENDANT EWING

29.   On or about December 18, 2012, Defendant Ewing unjustifiably and falsely accused

the Plaintiff of being a person that has been convicted of "oral copulation with a victim

unconscious of the nature of the act" and "rape of a victim unconscious of the nature of

the act."  Defendant Ewing further listed Mississippi statutory provisions that do not apply to

the Plaintiff or are unwise false.

30.   Such accusations by Defendant Ewing are untrue and not based on any evidence.

The accusations were wholly and completely false, defamatory and made strictly for the purpose

of damaging the reputation of the Plaintiff and causing him harm.

31.  Such statements were wholly false and defamatory, portrayed the Plaintiff in a false light, were made for the purpose of causing harm to the Plaintiff, including, but not limited to, subjecting him to ridicule, harassment, stigma and being ostracized, as well as threatening his employment and career, including the loss of income and wage earning capactiy.

32.  Defendant Ewing furthermore engaged in and perpetuated the invasion of privacy of the Plaintiff by falsely, maliciously, wantonly and intentionally publishing that Plaintiff was a rapist and sex offender.  Such wrongful conduct and statements on the part of Ewing constitute a willful and malicious invasion of the Plaintiff's privacy, for which Defendant Ewing should personally be held liable.

33.  These actions of Defendant Ewing also lay outside the course and scope of her duties as an employee of the Adams County Sheriff's Department, because she went far beyond the tenets and provisions of Sections 45-33-23, *et seq.* of the *Mississippi Code of 1972, Annotated,* as amended.   Indeed, Defendant Ewing made her own totally unfounded and malicious interpretations of the Plaintiff's actions and published those interpretations on the internet, as facts and for which she has no evidence.  Moreover, these actions and conduct on the part of Defendant Ewing were and remain continuous through at least the commencement of this civil action against her, since she has continued to maintain such false and defamatory, and false light allegations on the internet, and upon information and belief, Defendant Ewing has continued with the false and defamatory statements, as well as portraying the Plaintiff in a false light.

34.  Thus, Defendant Ewing furthermore made such statements concerning the Plaintiff in an effort to intentionally and willfully interfere with the Plaintiff's contract of employment.

35.  As a direct and proximate result of the defamatory, intentional, wilful, malicious, unlawful and wrongful conduct of Defendant Ewing, as well as the portrayal of the Plaintiff in a false light, the Plaintiff has suffered actual and compensatory damages, incidental and consequential damages, all to his loss and detriment.

<u>DAMAGES AND LOSSES</u>

36.  The Plaintiff would state and show unto the Court that, as a direct and proximate result of the actions, conduct and omissions of the Defendants, and each of them, he has suffered the following actual and compensatory, incidental and consequential, damages, all to his loss and detriment,  including, but not limited to, the following:

      a.  damage to his reputation and character;

      b.  damage to his standing in the community and among his colleagues in his employment field;

      c.  loss to his career and wage earning capacity;

      d.  loss of funding in support of his employment and career;

      e.  mental and emotional distress;

      f.  loss of his liberty in being able to seek and obtain employment from other employers;

      g.  damages as a result of the false light portrayed by Defendant Ewing of the Plaintiff;

      h.  damage to the Plaintiff's property rights and interests in his continued employment;

16

    i.  damage to the Plaintiff as a result of the invasion of the Plaintiff's right of

        privacy and the abridgement of his rights as more specifically set forth

        herein; and

    j.  such other damages and losses as may be shown at the trial of this matter.

<u>COUNT I</u>

37.  Plaintiff would incorporate by reference each and every one of the above and foregoing paragraphs of this Complaint, inclusive of the claims and causes of actions set forth therein, and he would further state and show unto the Court the following:

38.  Plaintiff would state and show unto the Court that the Defendants, and each of them, have engaged in the aforesaid wrongful conduct, in violation of the Plaintiff's rights and privileges afforded him under the *First*, *Fourth*, *Fifth*, *Eighth* and *Fourteenth Amendments* to the *United States Constitution*.  Thus, the Plaintiff hereby seeks recovery for the violations of his rights to substantive and procedural due process of the his constitutional rights, as more specifically set forth above.

39.  As a direct and proximate result of said violations and wrongful conduct, the Plaintiff has suffered and incurred actual and compensatory, incidental and consequential, damages, for which the Defendants, and each of them are liable.


<u>COUNT II</u>

40.  Plaintiff would incorporate by reference each and every one of the above and foregoing paragraphs of this Complaint, inclusive of the claims and causes of actions set forth therein, and he would further state and show unto the Court the following:

41.    Plaintiff would further state and show unto the Court that the Defendants, and each of them, acting under color of state law and in consort with each other against the Plaintiff, engaged in the aforesaid wrongful conduct, all in an effort to deprive the Plaintiff of his aforesaid constitutional rights and privileges, as guaranteed to him under *Article I, Section 9* and the *First, Fourth*, *Fifth*, *Eighth* and *Fourteenth Amendments*, in violation of 42 U.S.C. Section 1983.  Thus, the Plaintiff hereby seeks recovery for the violations of his rights to substantive and procedural due process of his constitutional rights, as more specifically set forth herein above.

42.    Plaintiff would further show unto the Court that the actions and conduct of the Defendants, and each of them, constituted the purposeful prevention or hindering of the Plaintiff from the equal protection of the laws of the United States of America.  As a result thereof, the Defendants, and each of them, conspired to deprive or injure the Plaintiff, in his person, liberty or property, such that the Defendants, and each of them, conspired to and did violate the terms and provisions of 42 U.S.C. Section 1985.

43.    Moreover, Plaintiff would show unto the Court that the Defendants, and each of them, conspired for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the Plaintiff from engaging the due course of justice in the State of Mississippi and in the United States of America, with the intent to deny him the equal protection of the laws, all in violation of 42 U.S.C. Section 1985.

44.    Further, Plaintiff would show unto the Court that, in further violation of 42 U.S.C. Section 1985, the Defendants, and each of them, conspired to prevent the enforcement of Plaintiff's rights and privileges under *Article I, Section 9* and the *First* and *Fourth, Fifth* and *Eighth Amendments* to the *United States Constitution*, as well as those rights and privileges

18

pursuant to the *Fourteenth Amendment* of the *United States Constitution*, by such conspiracy to prevent the Plaintiff from fully, freely and truthfully discharging his duties, and from which the Plaintiff has suffered actual and compensatory damages, all to his loss and detriment.

45.    Finally, Plaintiff would state and show unto the court that the Defendants, and each of them, violated 42 U.S.C. Section 1986, inasmuch as they failed or refused to prevent the commission of the aforesaid acts of harm, through the Defendants' conspiracy.

46.    Plaintiff would therefore assert that the Defendants, and each of them, have violated the Plaintiff's rights and privileges afforded him under 42 U.S.C. Sections 1983, 1985 and 1986.

47.    As a direct and proximate result of said violations and wrongful conduct, the Plaintiff has suffered and incurred actual and compensatory, incidental and consequential, damages, for which the Defendants, and each of them, are liable.  He is likewise entitled to all relief afforded him under 42 U.S.C. Section 1988.

<u>COUNT III</u>

48.    Plaintiff would incorporate by reference each and every one of the above and foregoing paragraphs of this Complaint, inclusive of the claims and causes of actions set forth therein, and he would further state and show unto the Court the following:

49.    Plaintiff would further state and show unto the Court that the Defendants, and each of them, have engaged in the intentional, willful, malicious, wanton and grossly negligent infliction of mental and emotional distress upon the Plaintiff, such that the Plaintiff has suffered

and incurred actual and compensatory, incidental and consequential, damages, for which the Defendants, and each of them, are liable.

COUNT IV

50.     Plaintiff would incorporate by reference each and every one of the above and foregoing paragraphs of this Complaint, inclusive of the claims and causes of actions set forth therein, and he would further state and show unto the Court the following:

51.     The Plaintiff would further state and show unto the Court that, under substantive Mississippi common law, the Defendants, and each of them, engaged in the willful, wanton and malicious invasion of his privacy, such that he hereby alleges a pendent state law claim against the Defendants for such wrong, and such that they are liable to him therefor.

52.     Plaintiff has suffered and incurred actual and compensatory, incidental and consequential, damages, for which the Defendants, and each of them, are liable.

COUNT V

53.     Plaintiff would incorporate by reference each and every one of the above and foregoing paragraphs of this Complaint, inclusive of the claims and causes of actions set forth therein, and he would further state and show unto the Court the following:

54.     Plaintiff would further state and show unto the Court that Defendant Ewing has engaged in the intentional, malicious and willful interference with Plaintiff's employment and advantageous relationships, including, but not limited to, those relationships with his employer and has intentionally and maliciously invaded the Plaintiff's privacy, as more specifically set forth above, such that the Plaintiff has suffered and incurred actual and compensatory, incidental and consequential, damages, for which the Defendant is liable.

20

## COUNT VI

55.    Plaintiff would incorporate by reference each and every one of the above and foregoing paragraphs of this Complaint, inclusive of the claims and causes of actions set forth therein, and he would further state and show unto the Court the following:

56.    Plaintiff would further state and show unto the Court that Defendant Ewing has engaged in such conduct, as more particularly set forth herein above, which is defamatory of the Plaintiff and portrays Plaintiff in a false light, so as to cause harm upon the Plaintiff's rights and privileges and his opportunities for employment, such that the Plaintiff has suffered and incurred actual and compensatory, incidental and consequential, damages, for which the Defendant is liable.

## COUNT VII

57.    Plaintiff would incorporate by reference each and every one of the above and foregoing paragraphs of this Complaint, inclusive of the claims and causes of actions set forth therein, and he would further state and show unto the Court the following:

58.    Plaintiff would finally state and show unto the Court that the Defendants, and each of them, have engaged in the formation, facilitation, and perpetration of a civil conspiracy, so as to cause all such manner of harm, losses and injuries upon the Plaintiff, such that the Defendants, and each of them, jointly and severally, whether by deed, artifice, word or conduct, has engaged in such wrongful and unlawful activity, such that the Plaintiff has suffered and incurred actual and compensatory, incidental and consequential, damages, for which these Defendants are liable.

## DEMAND FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, the Plaintiff, John Doe, by and through his counsel, hereby demands a judgment of, from and against the Defendants, and each of them, and award unto him the following relief:

A.  All actual and compensatory, incidental and consequential, damages, to which he is entitled and which a jury of his peers and this Court may deem appropriate, under the aforesaid facts and circumstances.

B.  All punitive damages, which a jury of his peers and this Court deem appropriate, based upon the facts that the Defendants, and each of them, engaged in such bad faith, intentional, willful, wanton, and grossly negligent conduct and reckless disregard for the rights and privileges of the Plaintiff and others, such that the Defendants, and each of them, should be subjected to the imposition of punitive damages in an amount so as to punish the Defendants, and each of them, for such conduct; so as to deter the Defendants, and each of them, from engaging in such conduct in the future; so as to deter other similarly situated Defendants from engaging in such conduct in the future; and so as to bring such wrongdoers to public account.

C.  Declare the actions and conduct of the Defendants, and each of them, as unconstitutional, void, and in violation of *Article I, Section 9* and the *First*, *Fourth*, *Fifth*, *Eighth* and *Fourteenth Amendments* to the *United States Constitution*.

D.  Injunctive relief, in the form of both mandatory and prohibitive judgments, ordering and directing for the Plaintiff's image, name, employment, address and other information to be removed from the internet, including the implementation and securing of all means to protect the reputation of the Plaintiff through all internet services and products and to pay for such services and products; without any threat of reprisal, that all of the Defendants, be ordered to cease and

desist from engaging in conduct which violates the rights and privileges of the Plaintiff and others similarly situated, and to order a revision to the policies and procedures of Defendants, so as to prevent such violations of constitutional rights in the future, including, but not limited to proper legal and enforceable language which governs the publication of information on the internet, as well as such other equitable and injunctive relief, either general or specific, as the Court may deem appropriate.

E.  All prejudgment and post-judgment interest, as deemed appropriate by this Court.

F.  All attorney fees, costs and expenses, as deemed appropriate by this Court, and in accordance with 42 U.S.C. Section 1988.

Further, the Plaintiff prays for such other relief, either general or specific, as the Court and a jury of Plaintiff's peers deems appropriate.

RESPECTFULLY SUBMITTED, this the 18th day of December, 2013.

JOHN DOE, PLAINTIFF

By: _____
PAUL A. KOERBER

Presented to the Court by:
Paul A. Koerber, Esq.
Koerber Law Firm, PLLC
Attorney at Law
Mississippi Bar No. 4239
Post Office Box 12805
Jackson, Mississippi 39236-2805
Telephone: (601) 956-0072

## REQUEST FOR TRIAL BY JURY

COMES NOW, the Plaintiff, John Doe, by and through counsel, and respectfully requests a trial by a jury of his peers, of all claims, causes of action and issues set forth in the above and

23

foregoing Complaint, pursuant to Rule 38 of the *Federal Rules of Civil Procedure* and the

*Seventh Amendment* to the *United States Constitution*.

    RESPECTFULLY SUBMITTED this the _18th_ day of December, 2013.

JOHN DOE, PLAINTIFF

By: _____

PAUL A. KOERBER

24