**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION**

**JOHN DOE**                                                    **PLAINTIFF**

**VS.**                              **CIVIL ACTION NO: 5:13-cv-235-DCB-MTP**

**CHUCK MAYFIELD; ADAMS COUNTY SHERIFF
DEPARTMENT; KAREN EWING; ADAMS COUNTY,
MISSISSIPPI, ALBERT SANTA CRUZ; MISSISSIPPI
DEPARTMENT OF PUBLIC SAFETY; and JAMES DOES
Nos. 1-10**                                                   **DEFENDANTS**

<u>ORDER</u>

This cause is before the Court <u>sua sponte</u> upon the plaintiff's, John Doe, failure to serve process upon all Defendants and to otherwise comply with the Court's order of April 20, 2015. Having reviewed the entire record in this matter, applicable statutory and case law, and being otherwise fully informed in the premises, the Court finds as follows:

On December 18, 2013, Plaintiff John Doe[1] filed his complaint in this Court, alleging constitutional violations, Section 983 claims, intentional infliction of emotional distress, invasions of privacy, tortious interference, defamation, and civil conspiracy. Summons was issued as to all defendants on December 18, 2013. By order entered April 20, 2015, the Court directed that the unserved

---

[1] Plaintiff has chosen to remain anonymous because of the nature of claims alleged.

1

defendants be served by May 20, 2015. Order, ECF No. 3.

A review of the docket reflects that Doe did not have process served as required by the order, has not demonstrated any good cause for further delay, and has not asked for or received additional time to effect service of process.

Thus, some six months after the original filing of this complaint, Doe has not served process on any defendant. In addition, he has failed to comply with the Court's prior order.

Federal Rule of Civil Procedure 4 provides: If a defendant is not served within 120 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against the defendant. . . ." Fed. R. Civ. P. 4(m). As Doe failed to serve process in compliance with the rule and by the deadline given by the Court in its order extending the time for service, dismissal without prejudice is appropriate under Rule 4[2].

Additionally, pursuant to Rule 41(b), a trial court has discretionary authority to dismiss an action sua sponte for the plaintiff's failure to prosecute or comply with any order of the court. See Link v. Wabash R.R. Co., 370 U.S. 626, 630 (1962); Larson v. Scott, 157 F.3d 1030, 1031 (5th Cir. 1998). The power of the courts "to invoke this sanction is necessary in order to

---

[2] All references in this opinion are to the Federal Rules of Civil Procedure unless otherwise noted.

prevent undue delays in the disposition of pending cases and to . . . clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief . . . so as to achieve the orderly and expeditious disposition of cases." Link, 370 U.S. at 629-31; see also Lopez v. Aransas Cnty. Indep. Sch. Dist., 570 F.2d 541, 544 (5th Cir. 1978) (discussing trial court's rule 41(b) discretionary authority).

Accordingly,

IT IS HEREBY ORDERED that Defendants Chuck Mayfield; Adams County Sheriff Department; Karen Ewing; Adams County, Mississippi; Albert Santa Cruz; Mississippi Department of Public Safety; and James Does Nos. 1-10 are DISMISSED WITHOUT PREJUDICE pursuant to Rules 4(m) and 41(b).

A final judgment in accordance with Rule 58 will follow.


SO ORDERED this the 24th day of June 2015.


    /s/ David Bramlette
UNITED STATES DISTRICT JUDGE